FRANCO, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Damages.—Memorandum of Costs.

No. 2570.—Decided July 3, 1922.

COSTS—APPEAL—JURISDICTION.—In an appeal from an order approving a memorandum of costs the jurisdiction of the court that rendered the judgment allowing costs can not be attacked.

ID.—ID.—ID.—As the judgments of the Supreme Court are executed unless a stay of execution is obtained under a supersedeas bond, when it is not shown that such stay has been ordered, it can not be concluded that the order approving the memorandum of costs was made without jurisdiction because the judgment allowing the costs was not final.

ID.—ID.—ID.—The appellant in this case alleged as a ground for contending that the court had no jurisdiction to approve the memorandum of costs that the judgment rendered on appeal in the main action is void, because after the judgment of the trial court had been reversed the Supreme Court should have substituted it by another instead of modifying the judgment that had been reversed. *Held:* That the error assigned was not committed, because, in reversing that part of the judgment from which the appeal had been taken, the Supreme Court did substitute it by another and left in effect only that part of the judgment from which no appeal was taken.

ID.—ID.—ID.—The appellant assigns as error that the court below was without jurisdiction, because it acted on the memorandum of costs without first ruling on a motion to strike out the amended memorandum. *Held:* That the motion was overruled by implication by the order approving the amended memorandum of costs.

ID.—ID.—ID.—Although it is true that Act No. 94 promulgated on March 31, 1919, provides that matters entered on the calendar of motions and demurrers, to which section 1 thereof refers, shall be decided within a term of ten days after the case has been finally submitted to the court, non-compliance with that provision does not deprive the court of jurisdiction, after the said period has expired, to rule on a memorandum of costs.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. J. B. Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from an order of the lower court of September 17, 1921, approving the memorandum of costs presented by the plaintiff on the 15th of June of the same year.

According to the transcript of the record filed in this court, the District Court of San Juan, Section One, rendered

judgment in an action for damages between the parties to this appeal, dismissing the complaint without special imposition of costs and dismissing also the defendant's counter-complaint.

On appeal this court reversed that judgment as to the part appealed from and sustained the complaint, adjudging that the defendant should pay to the plaintiff the sum of $5,001 as damages for libel and the costs, without considering the other part of the judgment. The judgment of this court having been received by the trial court on May 2, 1921, five days thereafter the plaintiff presented his memorandum of costs, which he amended on June 15, 1921, and over the opposition of the defendant the court approved it.

According to a certificate of the clerk of the lower court, the plaintiff introduced evidence in the proceeding for the approval of the memorandum of costs, but that evidence is not included in the transcript of the record brought up for the purposes of this appeal.

The first ground alleged by the appellant for a reversal of the order appealed from is that the court below was without jurisdiction of the memorandum of costs because the District Court of Aguadilla, and not that of San Juan, had jurisdiction of the action for the reason that the parties are residents of that district and the essential fact alleged in the complaint occurred there.

Apart from the fact that nothing contained in that allegation appears from the transcript of the record brought up in the appeal under consideration, as the action was prosecuted to judgment it is evident that any question of jurisdiction which might have developed in the case was eliminated by the judgment and consequently can not be raised or considered in opposition to the memorandum of costs which is a result of the judgment.

The second assignment of error is that no ruling can be

made upon the memorandum of costs because the judgment of this court is not final for the reason that an appeal may be taken therefrom to the United States Circuit Court of Appeals for the First Circuit.

It is true that Act No. 15 of November 19, 1917, provides that the memorandum of costs shall be filed within the ten days following that on which the time allowed for an appeal from the judgment rendered in the case shall have expired, in case no appeal may have been taken, and if an appeal has been taken it shall be filed within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance; but inasmuch as the judgments of this court are executed forthwith unless after an appeal is taken a stay of execution is obtained by supersedeas, until such stay has been ordered the court below has jurisdiction of the memorandum of costs, and no supersedeas appears to have been granted in this case.

Another ground for the alleged lack of jurisdiction is that the judgment rendered by this court on appeal is ineffective because on reversing the judgment of the trial court this court should have substituted it by another judgment instead of modifying the judgment that had been reversed.

This assignment is rather frivolous, for in reversing that part of the judgment from which the appeal was taken we did substitute it by another judgment and left in effect only that part of the judgment from which no appeal was taken and of which we had no jurisdiction.

The appellant also alleges that the judgment of this court was not final because we only settled the rights of the plaintiff. We could do nothing more because, as said before, that was the part from which the appeal was taken.

As the appellant erroneously alleged that the judgment of this court is ineffective, he draws from that the erroneous

conclusion also that the lower court was without jurisdiction to make the order appealed from, and this is another ground of his appeal.

It is assigned also that the lower court erred in admitting and approving the memorandum of costs, and in support of this proposition it is said that as the proceedings were void, there was no necessity of any disbursements and that those included therein were not proved. It seems, although it is not averred, that the allegation of nullity is on the ground that the action was prosecuted in San Juan instead of in Aguadilla, but if that question was raised, it must 'have then been disposed of by the judgment. Besides, not only does that question not appear from the transcript, but it can not be raised in fixing the amount of the costs as a result of the judgment. As to the second point, as some evidence unknown to this court was introduced, we can not hold that the item of disbursements was not proved.

The appellant also says that it was error on the part of the court below to act on the memorandum of costs without first ruling on a motion made to strike out the amended memorandum. However, the overruling of that motion is implied in the order approving the amended memorandum.

It is finally alleged that the court below was without jurisdiction to make the order appealed from because of the expiration of the ten days allowed by law after the memorandum of costs had been submitted for its approval.

Although it is true that Act No. 94 of March 31, 1919, with reference to its first section, provides that matters entered on the calendar of motions and demurrers shall be decided within a period of ten days after the case has been finally submitted to the court, non-compliance with that act does not deprive the court of its jurisdiction to rule after the said period has expired. The period is fixed for the sole purpose of stimulating the judges to decide matters promptly.

None of the reasons alleged in support of a reversal being meritorious, as we have said, the order appealed from must be

*Affirmed.*

Justices Wolf and Hutchison concurred.

Chief Justice Del Toro and Justice Franco Soto took no part in the decision of this case.